UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON ALLEN MARX, | ) | 1:09-cv-00079-SKO-HC |
| | ) | |
|     Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS (DOC. 13) |
| | ) | AND DISMISSING THE ACTION |
|   v. | ) | WITH PREJUDICE |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | ORDER DIRECTING THE CLERK TO |
| | ) | ENTER JUDGMENT AND CLOSE THE CASE |
|     Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the parties' consent,[1] the matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court is Respondent's motion to dismiss the action.

I. Procedural Summary

On January 14, 2009, Petitioner filed a petition for writ of

---

[1] Petitioner filed a signed, written consent form on January 23, 2009; Respondents Federal Bureau of Prisons, Federal Prison Camp at Atwater, Hector Rios, Jesse Gonzalez, and Unit-Team, FPC filed a written consent form signed by their authorized representative on February 17, 2009.

1

habeas corpus in which he challenged the execution of his sentence pursuant to 28 U.S.C. § 2241. (Pet. p. 1.)[2] Petitioner alleged that the Bureau of Prisons (BOP) arbitrarily and capriciously denied him individualized consideration for placement at a residential reentry center (RRC) for twelve (12) months, pursuant to the Second Chance Act (SCA) of 2007; violated the Administrative Procedures Act (APA) by improper publication of, or failure to publish, a substantive rule and by failing to publish, post, and make available to the inmate population all changes in the law under the SCA; and failed to invoke the so-called good cause exception pursuant to 5 U.S.C. §§ 706, 533(d). (Pet. pp. 1, 8-9.) Petitioner alleged that the unit team at his institution of confinement limited all RRC placement to no more than six (6) months of an inmate's total sentence. He argues that this was contrary to the SCA's provision for twelve (12) months, and in violation of 18 U.S.C. §§ 3621(b) and 3624(c) and 28 C.F.R. §§ 570.20, 570.21. (Id. p. 9, 11-12.)

Petitioner relies on the decision in Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), in which the court determined that regulations of the BOP (28 C.F.R. §§ 570.20 and 570.21) that purported categorically to exclude consideration of prisoners for placement in RRC's for more than the last six (6) months of their sentences were contrary to the Congressional intent clearly expressed in 18 U.S.C. § 3621(b), which provided for individualized consideration and exercise of administrative

---

[2] References to pages of filed documents are to the page numbers that are automatically assigned by the Court's electronic filing system and appear in the upper right-hand corner of the pages of filed documents.

discretion based on specified factors.  Petitioner here seeks the very same relief as that affirmed by the court in Rodriguez, namely, a writ of habeas corpus ordering the BOP promptly to consider the prisoner for transfer to an RRC pursuant to the criteria set forth in 18 U.S.C. § 3621 and without reference to invalid regulations.  541 F.3d at 1189.

In response to the petition, Respondent served by mail on Petitioner and filed on December 8, 2009, a motion to dismiss.  Petitioner did not file an opposition to the motion.  Respondent seeks dismissal of the petition for lack of subject matter jurisdiction, mootness, failure to exhaust administrative remedies, and lack of standing.

II. Factual Background

Petitioner is housed at the federal prison camp located in Atwater, California and is serving a sentence of ninety-six (96) months to be followed by period of five (5) years of supervised release pursuant to his conviction after a guilty plea of violating 21 U.S.C. §§ 846 and 841 (conspiracy to possess methamphetamine with intent to distribute).  (Pet. pp. 3, 7; Decl. Leticia Ortiz ¶ 2.) He was sentenced in August 2008 and is scheduled to be released on August 7, 2015.  (Pet p. 3; Decl. Ortiz ¶ 2.)

III. Motion to Dismiss

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States and custody in violation of the Constitution, laws,

or treaties of the United States. 28 U.S.C. § 2241(a),(c)(1),(3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases (Rule 4) is applicable to proceedings brought pursuant to § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases. Rule 4 permits the filing of "an answer, motion, or other response" and thus authorizes the filing of a motion in lieu of an answer in response to a petition. Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Rule 4, Advisory Committee Notes, 1976 Adoption.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978). However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28

4

U.S.C. § 2254 and present various procedural issues. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (a motion to dismiss for failure to raise any issue of federal law, which was based on the insufficiency of the facts as alleged in the petition to justify relief as a matter of law, was evaluated under Rule 4); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (procedural default in state court was appropriately the subject of a motion); Hillery v. Pulley, 533 F.Supp. 1189, 1194 n. 12 (E.D.Cal. 1982) (after the trial court had determined that summary dismissal was unwarranted, a motion to dismiss for failure to exhaust state remedies was appropriately considered after receipt of evidence pursuant to Rule 7(a) to clarify whether or not the possible defect, not apparent on the face of the petition, might preclude a hearing on the merits).

Here, the Respondent's filing of the motion to dismiss, and the Court's consideration thereof, are appropriate. Respondent's motion to dismiss is based on lack of subject matter jurisdiction, mootness, failure to exhaust administrative remedies, and lack of standing. A federal court is a court of limited jurisdiction with a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Although Petitioner proceeds pursuant to § 2241, Respondent's motion is similar in procedural posture to a motion to dismiss for failure to exhaust state court remedies or for state

5

procedural default in a proceeding undertaken pursuant to § 2254. Further, the motion before the Court is unopposed, and the facts alleged in the petition and the evidentiary papers supporting the motion are not materially disputed. Finally, Respondent has not yet filed a formal answer.

The Court therefore exercises its discretion to review Respondent's motion pursuant to its authority under Rule 4.

IV. Subject Matter Jurisdiction

Respondent argues that this Court is without subject matter jurisdiction over the controversy because Petitioner challenges not the fact or duration of his confinement, but rather the conditions of his confinement, which Respondent contends are outside the scope of habeas corpus relief.

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

In arguing that Petitioner is challenging not the fact or duration of his confinement, but rather only the conditions of his confinement, Respondent relies in part on the court's characterization of a RRC as a place of incarceration in

6

Rodriguez v. Smith, 541 F.3d 1180, 1184-1186 (9th Cir. 2008). Because of this, Respondent contends that Petitioner's request for relief implicates nothing more than a transfer of the place of confinement as distinct from any phenomenon affecting the fact or duration of the confinement.

In Rodriguez v. Smith, however, the court affirmed the district court's grant of the very relief requested here, namely, a writ of habeas corpus directing the BOP to afford the petitioner individualized consideration as provided for by statute. Although the question of subject matter jurisdiction was not expressly raised in Rodriguez, Respondent's jurisdictional assertion is fundamentally inconsistent with the court's decision in that case.

Respondent's view of jurisdiction is not required by the wording of the governing statute. Sections 2241(c)(1) and (3) provide that the writ of habeas corpus extends to a prisoner who "is in custody under or by color of" the authority of the United states as well as to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Unlike § 2255(a), which limits potential applicants to prisoners "claiming the right to be released," § 2241 does not contain any such exclusions or limitations. Petitioner's claim in the instant case challenges the manner of execution of Petitioner's sentence as being in violation of a clear, specific federal statute and thus comes within the express terms of § 2241.

The Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) noted that habeas relief was appropriate for federal prisoners who claimed that a federal judge's action was contrary to federal

7

statute and resulted in unlawful confinement in the wrong institution. 411 U.S. at 475 (citing In re Bonner, 151 U.S. 242, involving a federal judge's sentencing of a federal prisoner to time in a state custodial institution in violation of a federal statute that prohibited a sentence to imprisonment in a state penitentiary unless the term was to exceed a year; and Humphrey v. Cady, 405 U.S. 504 (1972), involving a state prisoner's challenge, based on unlawful commitment procedures as well as the conditions of his confinement, to his commitment to a sexual deviate facility for a potentially indefinite period of time). The present case does not involve the functions of the sentencing court, a possibility of immediate release, or any shortening of the duration of confinement; thus it may not lie within the "core" of habeas corpus. See, Preiser, 411 U.S. at 487-88; Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

However, the scope of habeas corpus has not been definitively limited to only the central core function. See, Preiser, 411 U.S. at 499 (declining to describe federal habeas corpus categorically as unavailable to challenge conditions of confinement, and citing Johnson v. Avery, 393 U.S. 483 (1969) [habeas corpus available to control prison conditions that restricted access to federal habeas corpus relief]).

Further, in addition to the obvious example of Rodriguez v. Smith, the Court notes that decisions in other cases in this circuit have extended the reach of § 2241 to matters related to the manner of execution of sentence that were alleged to violate federal statutory or Constitutional provisions but did not involve a direct or immediate effect on the fact or duration of

8

confinement.  See, Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (permitting a federal prisoner to challenge by way of § 2241 the BOP's policies concerning collection of court-ordered fines alleged to violate not only federal statutes entrusting supervision of fine collection to the federal courts but also the separation of powers provided for in Article III of the Constitution); United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining and resolving on a petition pursuant to § 2241 a prisoner's challenge to the BOP's requirement that a federal prisoner pay restitution at a higher rate than ordered at sentencing pursuant to a federal statute).

    Respondent relies on cases which have emphasized the appropriateness of considering conditions of confinement in suits brought pursuant to 42 U.S.C. § 1983 (mot. pp. 3-9), and on Ramirez v. Galaza, 334 F.3d 850, 856-59 (9th Cir. 2003), in which it was held that the "favorable termination" rule of Heck v. Humphrey[3] applicable to civil rights suits over prison conditions did not apply to a suit alleging a denial of due process in prison disciplinary procedures and administrative appeals thereof where expungement of the disciplinary findings was not likely to have an effect on the overall length of the prisoner's sentence. In light of the distinct purposes and functions served by §§ 2241 and 2254, it is significant that the present suit does not

---

[3] The reference is to Heck v. Humphrey, 512 U.S. 477 (1994), that held that in order to preserve habeas corpus jurisdiction, a § 1983 claim that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

9

implicate the concerns attendant upon the efforts reflected in § 1983 to provide a federal remedy for injuries caused by violations of federal law at the hands of persons acting under color of state law.  Here, the petition presents a straightforward question concerning the propriety of a federal authority's action involving the manner of execution of Petitioner's sentence and that is alleged to be contrary to a specific and clear federal statute.  Further, the issues asserted by Petitioner on the merits have been considered and determined by the appellate court of this circuit and have been resolved in Petitioner's favor in a proceeding brought pursuant to § 2241.

In view of the state of the authorities and the uncertainty concerning the scope of the habeas remedy in circumstances such as the present, the Court concludes that Respondent's contention too narrowly defines the range of cases subject to § 2241 and inflexibly treats two categories of cases, namely, conditions suits and habeas actions concerning the manner of execution of sentence, as necessarily mutually exclusive phenomena.  The Court concludes that Petitioner's action is one to which habeas corpus may extend because it concerns his custody under the authority of the United States and an allegation that his custody is in violation of specific federal statutes governing the execution of his sentence.

The Court thus concludes that it has subject matter jurisdiction over the action, and Respondent's motion to dismiss for lack of subject matter jurisdiction will be denied.

V. <u>Personal Jurisdiction</u>

Title 28 U.S.C. § 2241(a) provides that writs of habeas

corpus may be granted by the district courts "within their respective jurisdictions."  A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).  It is sufficient if the custodian is in the territorial jurisdiction of the Court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established.  Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, citing Ex parte Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).  A failure to name and serve the custodian deprives the Court of personal jurisdiction.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, Petitioner was incarcerated within the district at the time the petition was filed.  Further, although Respondent states in the motion to dismiss that Petitioner named the Bureau of Prisons as "the" Respondent (mot. p. 2, l. 8), the Court notes that Petitioner also named Warden Rios as a respondent (pet p. 1).  In the motion to dismiss, Respondent represents that R. A.

11

Rios is the warden at the United States Penitentiary, Atwater, California, which includes the Federal Prison Camp, and is the proper respondent in this action. (Mot. p. 2.) The Court thus notes that the custodian is within the district.

Accordingly, the Court concludes that it has personal jurisdiction over a proper respondent.

VI. Mootness

Respondent argues that the petition is moot because it is undisputed that Petitioner has received all the relief he could obtain in this petition.

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing

remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18 (1998).

Petitioner deposited his petition in the prison mail on January 12, 2009. (Pet. p. 14.) The uncontested declaration of Petitioner's case manager at the custodial institution establishes that thereafter Petitioner was afforded a progress review meeting with his unit team on April 14, 2009. At the meeting, Petitioner was reviewed for RRC placement with reference to the five criteria required by the pertinent statute, 18 U.S.C. § 3621(b), and in accordance with the Second Chance Act.[4] (Decl. Leticia Ortiz ¶ 4, att. 2, pp. 12-21.) The result of the review was a determination that pursuant to the pertinent criteria, 180 days were determined to be sufficient time for the greatest likelihood of Petitioner's successful reintegration into the community. (Id. p. 19.) Thus, Petitioner was denied immediate placement in a RRC.

The factual allegations in the petition concern earlier actions attributable to the BOP; they do not meet or contradict the factual matter submitted by Respondent in support of the motion to dismiss. Respondent's evidence establishes that the consideration sought by Petitioner has been afforded to him in a program review pursuant to the standards established by the pertinent statutes and Rodriguez v. Smith.

The Court therefore concludes that the petition is moot.

The fact that Petitioner was denied a transfer to a RRC

---

[4] Title 18 U.S.C. § 3261(b) sets forth five (5) factors: the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence, and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).

because of the BOP's findings after the required review does not state a claim for habeas corpus relief. The holding of <u>Rodriguez v. Smith</u> was that the BOP was required to afford Petitioner individualized consideration in accordance with the statutes and policies; it did not mandate placement in a RRC. Here, in light of the uncontested evidence supporting its determination, the BOP was not required to exercise its discretion in favor of Petitioner. <u>See</u>, <u>Thomas v. Adler</u>, 2010 WL 962176 *2 (E.D.Cal. March 16, 2010); <u>cf.</u> <u>Superintendent v. Hill</u>, 472 U.S. 445, 447 (1985) (upholding a determination of a prison disciplinary board that was not arbitrary or lacking in evidentiary support).

In summary, the Court concludes that the petition is moot. Respondent's motion to dismiss will be granted.[5]

VII. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

3) The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

**Dated:  May 11, 2010**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

---

[5] In view of the disposition of the motion, the Court will not reach Respondent's additional arguments concerning failure to exhaust administrative remedies, the applicability of the Prison Litigation Reform Act, or standing.